THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN A. PICÓ VIDAL, Defendant and Appellant.

No. CR-69-135.    Decided March 9, 1971.

*José M. Sagardía Pérez* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for The People.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

Appellant having been convicted of driving a motor vehicle under the effects of intoxicating liquor was sentenced to pay a fine of $150 or to serve the subsequent subsidiary prison term, and also his driver's licence was suspended for one year and four additional months for having refused to submit to the analyses of law.

In this appeal he assigns the commission of the following sole error:

"The evidence is insufficient to support a conviction inasmuch as it does not destroy the presumption of innocence nor establishes appellant's guilt beyond a reasonable doubt."

The only evidence for the prosecution consisted in the testimony of policeman José J. Maldonado, who in synthesis, and in everything essential for the discussion of the assigned error testified as follows: On December 12, 1968, he began to render services at eight o'clock at night. He saw defendant for the first time at about 2:55 on the morning of the 13th at the parking lot of the Caribe Hilton Hotel on an occasion when he was pursuing an automobile. At about 2:45, the witness was alone in a patrol car at sector 330 of Loíza Street.

He observed from Luchetti Street that an automobile which was crossing Cervantes Street from north to south did not stop at the "Stop" sign which is there at the intersection of Luchetti and Cervantes Streets. The patrol car said "Policía de Puerto Rico" and had the overhead light on. He ordered the automobile, which was a green sports car with a white top, to stop, making signals with the hand and the siren but it did not stop and then he pursued it along Luchetti Street, they crossed by "the side road of Baldorioty Ave., then the car was quite ahead, then along Condado Avenue and the side road where the light was red, it did not stop then, it continued on, he took Condado Avenue towards Ashford Avenue, then the Magdalena and Condado light was green and it crossed it, then in reaching Ashford there is a 'Stop' sign, it did not stop there either, and turned towards the left along Ashford Avenue from east to west." It continued along Ashford Avenue towards the San Gerónimo Hotel. "Later when we arrived at Ponce de León Avenue, I was pursuing the car, the car was quite ahead, then it turned at Ponce de León Avenue towards the right and then in reaching the entrance to the Caribe Hilton I noticed that the car went into the Caribe Hilton." The witness continues testifying that he went into the Caribe Hilton, went towards the parking lot and "I saw the car parked there." He noticed that there were two persons outside the car; that the same was not running, and that the lights were off; when those persons saw the patrol car they got inside the car; defendant occupied the driver's seat. As the windows were up, the witness knocked in order that they would come out; the car was the same that the witness had been pursuing; defendant told him that he was the owner of that automobile; they were not asked who was driving the vehicle; he noticed that defendant was moving as a person who is in an apparent state of intoxication, "It could be noticed that his eyes were reddish, that he could not stand on his own feet." He also says that defendant was

talking breathlessly and from his mouth came a strong smell of liquor and that defendant refused to submit to the blood, urine or breath tests.

Cross-examined by the defense he testified:

"Q. Maldonado, then during all that time since you saw that automobile until arriving at the parking lot of the Caribe Hilton Hotel, what you saw was a vehicle with two heads?

A. Yes, sir, heads, yes, sir.

Q. From the back?

A. Yes, sir.

Q. And before you went into the parking lot you called the sergeant and informed him?

A. Correct, at the moment when it went into the parking lot, as it does not have an exit, it is the only exit which it has.

Q. And then after you talked to the sergeant you entered?

A. From the radio itself you can talk.

Q. And when you arrived there, defendant and another person were outside the automobile?

A. That is, when I was entering the parking lot, upon reaching the shack, that is there, the car was already parked.

Q. Were the lights off?

A. And two persons were outside.

Q. Therefore, Maldonado, you cannot assure the court that this was the boy who was driving that automobile.

A. No, sir." (Tr. Ev. 17, 18.)

The only witness for the prosecution did not see defendant driving his vehicle. There is no direct evidence in the record which connects him with the commission of the offense. It is proper, therefore, to decide whether the indirect evidence establishes in this case defendant's guilt beyond a reasonable doubt.

■■ The controverted fact, whether defendant was the person who was driving his automobile, could be established with indirect evidence by proving another different fact from which the controverted fact could be inferred. 32 L.P.R.A. § 1630. The inference is a deduction which the reason of the judge or jury makes from the facts proved, without an

express direction of law to that effect. 32 L.P.R.A. § 1882. And pursuant to what the Law of Evidence states an inference should be founded (1) on a fact legally proved; and (2) on such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business or the course of nature. 32 L.P.R.A. § 1884. If the indirect or circumstantial evidence would establish in this case, beyond a reasonable doubt, that the defendant was the driver of the vehicle pursued by the police, his guilt would be established since there is no controversy as to the other elements of said offense. See *People* v. *Rivera Antuna,* 88 P.R.R. 611 (1963), and cases cited at page 616.

To infer that defendant was the person who drove the vehicle, the trial court must have relied on the following findings: that two persons rode in the vehicle pursued by the police; that said vehicle was parked at the Caribe Hilton Hotel parking area; that when the police arrived at that place, the automobile was already parked, with the motor and lights cut off; that two persons were outside the automobile, one of them being defendant; that when the policeman approached the automobile, those two persons got into the same, defendant occupying the driver's seat; that at the request of the policeman both persons alighted from the automobile; that at that moment the automobile's motor was not in motion; that defendant informed the policeman that he was the owner of the vehicle; that that vehicle was the same that had been pursued by the police some moments before.

From these facts it can be inferred, at the most, that the two persons who were near the parked automobile were the persons who rode in said automobile while it was being pursued by the police. To infer that defendant was the driver of the vehicle, one can rely only on two findings, to wit: (1) that the vehicle was defendant's property, and (2) that when

the policeman approached the already parked vehicle, defendant and another person got into the vehicle, defendant occupying the driver's seat. There is no direct evidence that defendant was travelling in his vehicle while being pursued by the police, although this fact may be inferred from the other findings. However, in the chain of proven events in this case there is missing a necessary link to establish the inference that defendant was the driver of the vehicle and that therefore said fact was proven beyond a reasonable doubt. The fact that defendant was the vehicle's owner joined to the inference that he was travelling in the same with another person, and the fact that defendant, when the police arrived, got into his vehicle and occupied the driver's seat does not establish beyond a reasonable doubt that defendant was the driver of the vehicle. The evidence for the prosecution rather tends to establish a contrary inference for it seems incredible that a person in a total state of intoxication, to the point that he could not stand on his own feet, as the policeman testified, could drive a motor vehicle at such speed along different streets and avenues in Santurce until reaching the Caribe Hilton Hotel, without provoking or suffering the slightest accident.

Although the circumstantial evidence is sufficient to support a conviction, said evidence should establish defendant's guilt beyond a reasonable doubt. *People* v. *Rivera Antuna, supra.* In the instant case it is not a proven fact, beyond a reasonable doubt, that defendant drove a motor vehicle under the effects of intoxicating liquor.

The judgment appealed from should be reversed and another rendered acquitting defendant.

Mr. Justice Rigau and Mr. Justice Martínez Muñoz did not participate herein.